# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CALVARY UNITED PENTECOSTAL CHURCH | § § § | |
| v. | § § | CASE NO. 4:15-CV-365 <br> Judge Mazzant |
| CHURCH MUTUAL INSURANCE COMPANY, DONNY BROWN, and GEORGE BEN HODGES | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Calvary United Pentecostal Church's Opposed Motion to Remand (Dkt. #5). After reviewing the motion, the response, and the relevant pleadings, the Court finds that the motion should be denied.

### BACKGROUND

The present action arises out of an insurance claim made by Plaintiff for damages to its property located at 305 Sherman Drive, Denton, Texas 76209 (the "Property") (Dkt. #5 at p. 1). Plaintiff made a claim against its insurance policy numbered 0195170-02-380667 (the "Policy"), which was issued by Defendant Church Mutual Insurance Company ("Church Mutual") (Dkt. #5 at p. 1; Dkt. #7 at pp. 1-2).

In its investigation and adjustment of the loss, Church Mutual retained an outside adjuster, Defendant Donny Brown ("Brown") with Team One Adjusting Services, LLC, to inspect the property and prepare a report and estimate of the damage (Dkt. #7 at p. 2). Brown completed his investigation, and concluded that the Property had sustained some hail damage, for which he estimated repairs totaling $25,139.73 (Dkt. #2 at p. 2). Church Mutual also assigned the case to Defendant George Ben Hodges ("Hodges"), an internal adjuster for Church Mutual (Dkt. #7 at p. 2). Hodges reviewed Brown's findings, and further adjusted the claim to

1

allow for repairs to the Property (Dkt. #7 at p. 2). Church Mutual issued payment to Plaintiff totaling $17,285.38, which comprised Brown's estimate less the deductible and applicable depreciation (Dkt. #7 at p. 2).

Plaintiff retained its own adjuster, Lindsey Douglass ("Douglass") of The Disaster Advocates, Inc., to make an independent investigation and conclusion regarding the damage of the Property (Dkt. #7 at p. 2). Douglass reached a different conclusion following her investigation, and found that the hail storm caused significant damage to the Property, which she estimated at $964,124.98 (Dkt. #7 at p. 2).

Following Douglass' results, Church Mutual retained an engineer, Steve Patterson ("Patterson") with Roof Technical Services, Inc., to re-inspect the Property, and provide an additional opinion regarding the damage (Dkt. #7 at p. 2). On January 8, 2015, Patterson inspected the Property, at which time Hodges was present (Dkt. #7 at p. 2). Following, Patterson's inspection, Church Mutual determined, and advised Plaintiff, that its previous evaluation of the damage remained unchanged (Dkt. #7 at p. 2).

On April 10, 2015, Plaintiff filed its Original Petition against Church Mutual, Brown, and Hodges in the 362nd Judicial District Court, Denton County, Texas (Dkt. #2). On May 27, 2015, Church Mutual removed the case to the Eastern District of Texas, alleging the improper joinder of Brown and Hodges (Dkt. #1). On June 26, 2015, Plaintiff filed its Opposed Motion to Remand, alleging that Brown and Hodges were properly joined; and therefore, complete diversity did exist between the parties (Dkt. #5). On July 13, 2015, Church Mutual filed its response (Dkt. #7).

## LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States which has original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Weaver v. Zuirch Am. Ins. Co.*, No. H-10-1813, 2010 WL 3910053, at *1 (S.D. Tex. Oct. 1, 2010). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Groupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004).

"When assessing whether diversity jurisdiction exists, a court must disregard non-diverse citizenship of an improperly joined defendant." *Doucet v. State Farm Fire and Cas. Co.*, No. 1:09-CV-142, 2009 WL 3157478, at *4 (E.D. Tex. Sept. 25, 2009) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004)). A defendant who contends that a non-diverse party is improperly joined has a "heavy" burden of proof. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). "In making its determination, the court must ordinarily evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to

3

the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Green*, 707 F.2d at 205.

"The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Great Plains Tr.*, 313 F.3d at 312 (quoting *Green*, 707 F.2d at 205). After the court resolves all disputed questions of fact and ambiguities in controlling state law in favor of the plaintiff, it determines whether the plaintiff has any possibility of recovery against the party whose joinder is questioned. *Great Plains Tr.*, 313 F.3d at 312. If there is a reasonable basis for predicting that the state law might impose liability on the facts of the case, then there is no fraudulent joinder. *Id.* Additionally, "[t]he possibility of imposing liability must be reasonable, [] and not merely theoretical." *Stewart*, 2007 WL 2749796, at *2 (citing *Smallwood*, 385 F.3d at 573 n. 9; *Great Plains Tr.*, 313 F.3d at 312 (5th Cir. 2002); *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000)).

A determination of improper joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "A district court should ordinarily resolve [claims of] improper joinder by conducting a Rule 12(b)(6)-type analysis." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). "[I]f a plaintiff can survive a Rule 12(b)(6)-type challenge, there is generally no improper joinder." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citation omitted); *Smallwood*, 385 F.3d at 573. The court, however, must carefully distinguish an attack on the overall merits of the case from a showing that defendants were improperly joined in order to defeat diversity. *See Smallwood*, 385 F.3d at 573; *see also Gasch*, 491 F.3d at 284. However,

4

the plaintiff must plead "enough facts to state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). There are cases in which a further summary inquiry is appropriate to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74.

"In evaluating a claim of fraudulent joinder, we do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so." *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997); *see Guillory*, 434 F.3d at 308-09. "If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham…and is not fraudulent in fact or in law." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. Unit A 1981) (citation omitted). "If there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved,' then there is no fraudulent joinder," and the case must be remanded for lack of diversity. *Great Plains Tr.*, 313 F.3d at 312 (citation omitted); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res. Inc.*, 99 F.3d 746, 751 (5th Cir. 1996).

## ANALYSIS

The question for the Court is whether Church Mutual has shown that Plaintiff has *no possibility* of establishing a valid cause of action against the non-diverse defendants, Brown and Hodges. Church Mutual asserts that Brown and Hodges were improperly joined because "there is no reasonable basis for predicting that Plaintiff might establish liability against [them]." (Dkt. #1 at p. 4).

The first question the Court must decide is whether it should apply the federal standard or the less stringent Texas notice standard to examine Plaintiff's state court petition. This issue has not been decided by the Fifth Circuit. Eastern District of Texas courts have consistently held

that the federal pleading-sufficiency standard applies to analyzing improper joinder. *See Doucet*, 2009 WL 3157478, at *5, *First Baptist Church of Mauriceville, Tex. v. Guideone Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *4 (E.D. Tex. Sept. 29, 2008); *King v. Provident Life and Accident Ins. Co.*, No. 1:09-CV-983, 2010 WL 2730890, at *4 (E.D. Tex. June 4, 2010). Therefore, the Court will follow the Eastern District pattern and follow the federal pleading standard; *but see Holmes v. Acceptance Cas. Ins. Co.*, 942 F. Supp. 2d 637, 646 (E.D. Tex. 2013).

The Court must determine whether Plaintiff has set forth "specific actionable conduct" to support its claim against the non-diverse defendants. *King*, 2010 WL 2730890, at *4 (citing *Griggs*, 181 F.3d at 699). "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the *factual fit* between the plaintiff's allegations and the pleaded theory of recovery." *Id.* (quoting *Griggs*, 181 F.3d at 701) (emphasis in original).

This means that the state-court petition must allege facts sufficient to establish the essential elements of each asserted cause of action. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *Chemtreat, Inc. v. Chemtech Chem. Servs., LLC*, No. 1:07-CV-146, 2007 WL 4353420, at *5 (E.D. Tex. Dec. 7, 2007); *Omda Oil and Gas, Inc. v. Young Oil, Corp*, No. 3:06-CV-439M, 2006 WL 1343640, at *2 (N.D. Tex. May 17, 2006). Merely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant. *See Griggs*, 181 F.3d at 699. Additionally, merely asserting a laundry list of statutory violations without factual support as to how a non-diverse defendant violated the statute will not suffice. *Doucet*, 2009 WL 3157478, at *5. However, the joinder of an in-state, non-diverse defendant is proper as long as the plaintiff's petition contains factual allegations

6

sufficient to render one of the statutory claims plausible. *Escaudra v. Geovera Speciality Ins. Co.*, 739 F. Supp. 2d 967, 985 (E.D. Tex. 2010).

Church Mutual asserts that it removed this case to federal court based on improper joinder because Plaintiff failed to plead any reasonable basis for predicting that Plaintiff might be able to recover against Brown and Hodges. Plaintiff's state court petition pleads boilerplate language against Brown and Hodges, and does not allege any independent acts on their part supported by facts that would support alleged violations of the Texas Insurance Code. Plaintiff cannot rely upon a mere theoretical possibility of recovery. "To find a reasonable possibility that a Texas court would allow recovery against an insurance adjuster, the plaintiff must demonstrate that the adjuster, as an individual, committed the Texas Insurance Code violation…that caused the harm." *Green v. Nationwide Mut. Ins. Co.*, No. A-12-CV-600 LY, 2012 WL 5188031, at *5 (W.D. Tex. Oct. 17, 2012). Plaintiff's controlling petition fails to provide any factual fit to its theory of recovery; it merely recites statutory language and states that Defendants violated it.

Although Plaintiff asserts that "Brown and Hodges made numerous errors in estimating the value of Plaintiff's claims," which essentially amounted to an alleged underpayment of loss incurred by Plaintiff, its allegations do not help to establish each essential element of any state-law causes of action asserted against either non-diverse Defendant Hodges or Brown (Dkt. #1-2 at p. 3). The Court also finds that Plaintiff has not listed any "specific actionable conduct," by which its various causes of action would be supported. *See Griggs*, 181 F.3d at 699. Plaintiff merely asserts the statutory language from the Texas Insurance Code to support its claim for noncompliance. *See* TEX. INS. CODE §§ 541.002; 541.060; 541.151. Therefore, the Court finds that Brown and Hodges were improperly joined because Plaintiff has failed to offer anything

other than conclusory allegations to hold them individually liable for any claim in the present action.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Calvary United Pentecostal Church's Opposed Motion to Remand (Dkt. #5) is hereby **DENIED**. It is further **ORDERED** that Defendants Donny Brown and George Ben Hodges be dismissed as improperly joined.

**SIGNED this 14th day of September, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE